# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY HOCH,<br><br>                   Petitioner,<br><br>     v.<br><br>PAM AHLIN, et al.,<br><br>                   Respondents. | 1:10-cv-00649-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITION BLANK FORM FOR COMPLAINT PURSUANT TO 42 U.S.C. § 1983<br><br>NO CERTIFICATE OF APPEALABILITY REQUIRED |

   Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that he is presently confined at the Coalinga State Hospital on a civil commitment following an adjudication that he suffers from a mental disorder.  (Doc. 1, p. 25).[1]  On April 14, 2010, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).  On April 24, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 3).

   The petition challenges the practice of the California Department of Corrections and

---

[1] Although it is far from clear, it appears that Petitioner has been committed as a sexually violent predator. (Doc. 1, p. 33).

1

1   Rehabilitation ("CDCR"), pursuant to California Penal Code § 2713.1, to deduct from the
2   statutorily proscribed $200 stipend provided to inmates upon their release from prison, the costs
3   for clothing and transportation of the inmate by CDCR personnel.  (Doc. 1, pp. 5; 39-40).
4   Petitioner does not challenge his current civil commitment as a sexually violent predator.
5   Moreover, it appears from the documents attached to the petition that Petitioner's claim that
6   CDCR unlawfully deducted money from the statutorily prescribed $200 release stipend derives
7   from his prior release from a prison term at Avenal State Prison.  (Doc. 1, p. ).  Petitioner
8   requests that the Court order CDCR to show cause why it continues the purportedly unlawful
9   deduction practices.  (Doc. 1, p. 15).

## DISCUSSION

11   Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
12   review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
13   plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule
14   4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
15   (9th Cir.1990).
16   After carefully reviewing the petition, the Court concludes that the petition must be
17   dismissed on multiple grounds, as discussed below.

18   **A.  Failure To State A Cognizable Habeas Claim**.

19   A federal court may only grant a petition for writ of habeas corpus if the petitioner can
20   show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas
21   corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his
22   confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez,
23   411 U.S. 475, 485 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas
24   jurisdiction is absent...where a successful challenge to a prison condition will not necessarily
25   shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing
26   Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper
27   method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson,
28   500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499;  Badea, 931 F.2d at 574; Advisory

Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, as mentioned, Petitioner alleges that CDCR has failed to comply with California law by unlawfully deducting clothing and transportation expenses from the $200 stipend provided to inmates released from state prison.  As relief, Petitioner requests an order from this Court prohibiting such a practice.  Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement.  Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

Moreover, Petitioner alleges no federal constitutional violation that would confer federal habeas jurisdiction on this Court.  The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254,

Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(1), (2).

Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

1  Petitioner raises only state law claims, specifically CDCR's purported violation of California
2  Penal Code § 2713.1, and, generally, issues of state law are not cognizable on federal habeas
3  review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal
4  habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S.
5  764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J.,
6  concurring)("mere error of state law, one that does not rise to the level of a constitutional
7  violation, may not be corrected on federal habeas"). Moreover, "[c]onclusory allegations which
8  are not supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24
9  F.3d 20, 29 (9th Cir.1994).

10      Indeed, federal courts are bound by state court rulings on questions of state law.
11  Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).
12  Further, "the availability of a claim under state law does not of itself establish that a claim was
13  available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990),
14  *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th
15  Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis
16  for federal habeas relief).

17      Because the petition alleges only Respondent's failure to abide by and properly apply
18  California law, the petition fails to raise a cognizable habeas claim and therefore must be
19  dismissed.

20      **B.  Failure To Meet the "In Custody" Requirement.**

21      Pursuant to 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge,
22  or a  district court shall entertain an application for a writ of habeas corpus in behalf of a person
23  *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in
24  violation of the Constitution or laws or treaties of the United States." (Emphasis supplied). This
25  "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over
26  habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at
27  the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-491, 109 S.Ct. 1923
28  (1989)(per curiam); Resendiz v. Kovensky, 416 F.3d 952, 955 (9th Cir. 2005).

It is well-established that "once the sentence imposed for a conviction has completely expired, the collateral consequences of the conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it. Maleng, 490 U.S. at 492; Feldman v. Perrill, 902 F.2d 1445 (9th Cir. 1990). The U.S. Supreme Court has not taken a literal view of the "in custody" requirement, observing that "besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." Jones v. Cunningham, 371 U.S. 236, 240, 83 S.Ct. 373, 376 (1963) (holding that persons released from incarceration on parole are "in custody" under 28 U.S.C. § 2241); see, also, Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1989). Thus, if the petition were filed while petitioner was "in custody," his subsequent release would not necessarily deprive a federal court of subject matter jurisdiction nor would it render the petition moot. Carafas v. La Valle, 391 U.S. 234, 238 (1968).

However, where, as here, a petitioner *completes* his sentence *before* the habeas petition is filed, the issue becomes one of whether the conviction and sentence has merely collateral consequences–themselves insufficient to establish the "in custody" requirement–or whether the conviction and sentence impose a "restraint on liberty." Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998). Thus, for example, a sentence of fourteen hours of attendance at an alcohol rehabilitation program renders someone "in custody." Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993). Similarly, a convict released on his own recognizance pending execution of his sentence is "in custody" because he is obligated to appear at times and places ordered by the court. Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571 (1973). Also, a parolee is "in custody" because, "[w]hile petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom." Jones, 371 U.S. at 243. See Barry v. Bergen County Probation Department, 128 F.3d 152, 161 (3d Cir. 1997)(sentence of 500 hours community service placed petitioner "in custody"). However, fines or restitution are simply "collateral consequences" and are insufficient to render someone "in custody." Williamson, 151 F.3d at 1183.

Here, it appears uncontroverted that Petitioner is presently confined at the Coalinga State Hospital pursuant to a civil commitment under California's sexually violent predator law, and that Petitioner completed his prison term at Avenal State Prison prior to the filing of the instant petition. Indeed, since Petitioner's claim derives from the CDCR's policy of purportedly illegal deductions from the $200 stipend given to Petitioner *when he was released from prison*, it is axiomatic that he had already been released from the term of imprisonment upon which the stipend and the allegedly illegal deductions were predicated, and thus he was released prior to the time he filed the instant petition.

It seems obvious that deductions such as those challenged in the instant petition, like other state-mandated fines and restitution, are simply "collateral consequences" and are therefore insufficient to render someone "in custody" for purposes of federal habeas jurisdiction. Williamson, 151 F.3d at 1183. The Court is unaware of any federal case law construing a state's decision to deduct money from the stipend given to a released inmate to be a collateral consequence sufficient to justify habeas jurisdiction. Accordingly, even if, arguendo, the claim in the petition were to articulate a cognizable federal habeas claim, Petitioner has failed to meet the "in custody" requirement. Thus, for this reason as well, the petition must be dismissed.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief and because Petitioner fails to meet the "in custody" requirement of federal habeas law;
2. The Clerk of the Court is DIRECTED to enter judgment and close the file;
3. The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983; and,

///
///
///
///

4.  No certificate of appealability is required since Petitioner is not challenging a conviction or sentence.

IT IS SO ORDERED.

Dated:   **May 6, 2010**                                              **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE